IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH DIVISION

| | | |
|---|---|---|
| INDEMNITY INSURANCE COMPANY OF NORTH AMERICA, | ) ) ) | 2:23-CV-01557-CBB |
| Plaintiff, | ) ) | |
| vs. | ) ) ) | CHRISTOPHER B. BROWN UNITED STATES MAGISTRATE JUDGE |
| NATHAN TINSTMAN, AS ADMINISTRATOR OF THE ESTATE OF MARC RICHARD TINSTMAN; NATHAN TINSTMAN, AS ADMINISTRATOR OF THE ESTATE OF TERRI GAIL TINSTMAN; JOSEPH ESTEP, JEREMIAH L. KEMP, WESTFIELD INSURANCE, AS SUBROGEE OF JEREMIAH L. KEMP; ENVIROSERVE, INC., GOVERNMENT EMPLOYEES INSURANCE COMPANY, AS SUBROGEE OF MARC RICHARD TINSTMAN AND TERRI GAIL TINSTMAN; | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**
**ON MOTION TO DISMISS ECF NO. 39**

CHRISTOPHER B. BROWN, UNITED STATES MAGISTRATE JUDGE.

**I.     Introduction**

This interpleader action was initiated in this Court on August 29, 2023 by

Plaintiff Indemnity Insurance Company of North America ("Indemnity") against

1

Defendants[1] stemming from a motor vehicle accident that took place on May 3, 2022 in Wheeling, West Virginia.  Indemnity seeks permission to deposit its commercial liability insurance policy proceeds into the Court Registry, seeks to enjoin and restrain the Defendants from instituting or prosecuting any claims related to the accident and asks the Court to appoint a special master to resolve the claims related to the accident under the Federal Interpleader Act, 28 U.S.C. § 1335 ("§ 1335").

Presently before the Court is a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) by Defendants Estep and Kemp. ECF No. 39.  Defendants Tinstman, Westfield Insurance, and Enviroserve, Inc. join in the motion. ECF Nos. 42, 43, 47.  The motion is fully briefed and ripe for disposition.[2] ECF Nos. 40, 48, 58.  For the reasons that follow, the Court denies in part and holds in abeyance in part Defendants' motion to dismiss as follows: the motion to dismiss is denied on the basis of abstention under *Younger v. Harris*, 401 U.S. 37 (1971) ("*Younger*") and held in abeyance pending supplemental briefing to consider whether the abstention principals derived from *Colorado River Water Conservation*

---

[1]   Defendants are Nathan Tinstman, as the Administrator of the Estates of Marc Richard Tinstman and Terri Gail Tinstman, Joseph Estep, Jeremiah L. Kemp, Westfield Insurance as subrogee of Jeremiah L. Kemp, Enviroserve, Inc., and Government Employees Insurance Company ("GEICO") as subrogee of Marc Richard Tinstman and Terri Gail Tinstman. Defendants are also referred to as "Claimants."

[2]   The parties have consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case, including the entry of final judgment, as authorized by 28 U.S.C. § 636. ECF Nos. 52, 53, 54, 55, 56, 57. The case was originally assigned to Magistrate Judge Cynthia Reed Eddy. Following her retirement, the case was reassigned to the undersigned.

2

*Dist. v. United States*, 424 U.S. 800 (1976) ("*Colorado River*") or *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491 (1942) ("*Brillhart*") applies.

## II. Background

This action stems from a four-vehicle accident that took place on May 3, 2022 in Wheeling, West Virginia. ECF No. 1 at ¶ 11.  Yadav Brishesh Kumar ("Kumar") was a commercial driver for Shera Express, Inc. and was operating a tractor trailer traveling westbound on Interstate 70 in Ohio County, West Virginia in the late morning of May 3, 2022. *Id.* at ¶ 12.  At the same time, the Tinstmans and Estep were traveling along the same route, ahead of Kumar. ECF No. 40-2 at ¶¶ 49-54.[3] The Tinstmans approached a construction zone wherein the left lane was closed, and traffic had slowed or stopped. *Id.* at ¶ 54.  Estep, who was traveling behind the Tinstmans, also slowed or stopped. *Id.* at ¶ 55.  Kumar came upon Estep's vehicle and failed to stop before striking Estep's vehicle, which in turn collided with the Tinstmans' vehicle. *Id.* at ¶¶ 56-57. The collision resulted in the Tinstmans' deaths, bodily injuries to Estep and property damage to Kemp.

Nathan Tinstman, as administrator of the Tinstmans' estates, filed a lawsuit in the Circuit Court of Ohio County, West Virginia on or about March 8, 2023 (the "State Court Action") alleging several claims against Indemnity's insureds, Shera Express, Inc. and Kumar, Bulldog Freightway, Inc., Swank Construction Company, LLC, E.L. Robinson Engineering Company, Tunnel Ridge, LLC, Estep, Kemp, and

---

[3]    *Tinstman v. Shera Express, Inc.*, Civ. No. 2023-C-32 (W.V. Cir. 2023) (Judge Ronald E. Wilson) ("State Court Action").

New Edge Maintenance, LLC, FitzMark, LLC, Benjamin Moore & Co., and Mid Atlantic Maintenance, Inc.  Nathan Tinstman asserted several negligence claims and wrongful death and survival action claims against these defendants. *Id.* at ¶¶ 68-131.  Estep and Kemp filed crossclaims in the State Court Action including claims of bodily injury and property damage. ECF No. 40 at 4.  The matter is currently pending before the Honorable Ronald E. Wilson in Ohio County, West Virginia and the parties are engaged in discovery.[4] *Id.*

Indemnity issued a commercial automobile liability insurance policy ("Policy") to Shera Express, Inc. in which Indemnity agreed to pay damages for bodily injury or property damage caused by Shera Express, Inc. in the ownership or maintenance of a covered vehicle, including the one driven by Kumar. ECF No. 1 at ¶¶ 28, 32.  The Policy has a liability limit of $1 million per accident or occurrence. *Id.* at ¶ 30.

Indemnity filed this interpleader action pursuant to § 1335(a) on August 29, 2023 indicating it does not contest the issue of liability on its own behalf and seeks to deposit the $1 million policy limit into the Court Registry so that Claimants/Defendants may assert and prove their claims thereto.  In so doing, Indemnity seeks to restrain or enjoin the Defendants from prosecuting any action against Indemnity, including the State Court Action, and any effort to collect any

---

[4]  Neither party included a copy of the crossclaims filed by Estep or Kemp with their briefing, nor have they attached any docket or discovery order in the State Court Action.  To the extent that the parties seek the Court to take judicial notice and consider these documents in a future decision, they shall be filed on the docket.

4

judgments rendered in any such suits and to appoint a special master to settle the claims asserted by the Claimants/Defendants against it.

Defendants now move to dismiss Indemnity's claims under Fed. R. Civ. P. 12(b)(1) and argue that the Court should abstain from hearing this case pursuant to the *Colorado River* and *Younger* abstention doctrines.

### III. Standard of Review

#### A. Federal Rule of Civil Procedure 12(b)(1)

A Rule 12(b)(1) motion challenges the federal court's "very power to hear the case." *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). Under Rule 12(b)(1), the plaintiff is the party invoking a federal court's jurisdiction and therefore bears the burden of showing their claims are properly before the court. *Id.* A Rule 12(b)(1) challenge can be either a facial or a factual challenge. *Petruska v. Gannon Univ.*, 462 F.3d 294, 302, n.3 (3d Cir. 2006). In reviewing a Rule 12(b)(1) motion, a court must determine whether it is asserting a facial attack or a factual attack. *Id.* A facial attack challenges jurisdiction based on the sufficiency of the plaintiff's pleading and when considering such a challenge, a court must accept the allegations contained in the plaintiff's complaint as true. *Id.* Where the motion presents a factual attack on the court's jurisdiction, the court is not limited to considering the allegations in the complaint and rather may review any evidence and resolve factual disputes to determine the existence of jurisdiction. *Mortensen*, 549 F.2d at 891. On a factual challenge, the plaintiff bears "the burden of proof that jurisdiction does in fact exist." *Id.*

### B. Interpleader Actions, 28 U.S.C. § 1335

Interpleader under § 1335 can be invoked where a party "is exposed to multiple claims relating to a single obligation, and wishes to obtain an adjudication of those claims in a single proceeding[.]" *Jackson Nat'l Life Ins. Co. v. Lunt*, No. CV 15-1629, 2017 WL 1058909, at *3 (W.D. Pa. Mar. 21, 2017) (citing *NYLife*, 72 F.3d at 381–82)). District courts, pursuant to the power granted to them by Congress, may grant injunctive relief, including exercising injunctive authority over state courts, in furtherance of § 1335. *NYLife*, 72 F.3d at 381–82. In an interpleader action, the plaintiff is a stakeholder that "fears the prospect of multiple liability" but admits liability to at least one, if not all, claimants. *Metro. Life Ins. Co. v. Price*, 501 F.3d 271, 275 (3d Cir. 2007). The interpleader device therefore allows a stakeholder to "file suit, deposit the property with the court, and withdraw from the proceedings." *Id.* "The result is that '[t]he competing claimants are left to litigate between themselves,' while the stakeholder is discharged from any further liability with respect to the subject of the dispute." *Prudential Ins. Co. of Am. v. Hovis*, 553 F.3d 258, 262 (3d Cir. 2009) (quoting *Metro. Life Ins. Co.*, 501 F.3d at 275).

Pursuant to § 1335, district courts have original subject matter jurisdiction over interpleader actions if there is minimal diversity between one or more adverse claimants and the amount in controversy exceeds $500. 28 U.S.C. § 1335(a); *State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 530–31 (1967). The funds at issue must be deposited into the court's registry. 28 U.S.C. § 1335(a)(2).

An interpleader action "typically involves two steps: during the first, the district court determines whether the requirements of the statute have been met and whether the stakeholder may be relieved from liability; during the second, it actually adjudicates the defendants' adverse claims to the interpleaded fund." *NYLife*, 72 F.3d at 375 (citations omitted). Next, the district court must adjudicate "who is lawfully entitled to the stake." *Id.* (citations omitted).

### C. Discussion

#### 1. Jurisdiction

As a preliminary matter, the Court must address whether it has jurisdiction to hear this interpleader action under § 1335.[5] As set forth above, the Court has original jurisdiction over interpleader actions under § 1335 when (1) there is minimal diversity of citizenship between two or more adverse claimants as defined in 28 U.S.C. § 1332; (2) the amount in controversy exceeds $500; (3) the action was brought in a federal court where one or more claimants reside; and (4) "plaintiff has deposited such money or property" in the court registry. *See* 28 U.S.C. §§ 1335, 1397.

First, there is minimal diversity between the Claimants/Defendants because at least two of the Claimant/Defendants are citizens of different states. Tinstman is

---

[5]   A court can also exercise interpleader jurisdiction under Fed. R. Civ. P. 22 where a plaintiff can "plead and prove an independent basis for subject matter jurisdiction." *Metro. Life Ins. Co.*, 501 F.3d at 275. It does not appear that an independent basis for subject matter jurisdiction exists here and the parties have not so argued.

7

a citizen of Pennsylvania[6], GEICO is a citizen of Nebraska and Maryland, Estep is a citizen of Ohio, Kemp is a citizen of Ohio, Westfield Insurance is a citizen of Ohio, EnviroServe is a citizen of Ohio, Shera Express is a citizen of California, and Kumar is a citizen of Washington. ECF No. 1 at ¶¶ 2-10.  Second, the amount in controversy is $1 million, which exceeds the $500 jurisdictional threshold.  Third, as least one of the claimants resided in this district, as the Tinstmans were citizens of this district. ECF No. 40-2 at ¶¶ 5-6.  Lastly, while Indemnity has not deposited its insurance proceeds into the Court Registry, this district's local rules prohibit deposits into the registry without a court order.  *See* LCvR 67.2.C.  While failure to deposit all funds associated with an interpleader action is a jurisdictional defect, it is one "which [can] be cured" and it is proper for a court to allow a plaintiff to perfect jurisdiction by moving to deposit the funds into the registry. *United States Life Ins. Co. in City of New York v. Holtzman*, 723 F. App'x 141, 145 (3d Cir. 2018) (unpublished).  Where a local rule prevents an interpleader plaintiff from depositing funds in the registry without a court order, courts "routinely impose a condition precedent on maintaining jurisdiction that requires the assets be deposited within a

---

[6]  28 U.S.C. § 1332 provides that "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent[,]" 28 U.S.C. § 1332(c)(2), and "[t]he definition of citizenship is the same for the interpleader statute as for the general diversity statute." *New York Life Grp. Ins. Co. of NY v. Maxwell*, 645 F. Supp. 3d 26, 33 n.11 (N.D.N.Y. 2022) (citations omitted).  Because the Tinstmans were citizens of Pennsylvania and resided in this district, *see* Compl. (ECF No. 1) at ¶¶ 2-3, Nathan Tinstman is a citizen of Pennsylvania and a resident of the Western District of Pennsylvania for purposes of this interpleader action.

certain number of days following a court order." *New York Life Ins. Co. v. Burns*, No. CV2119292MASTJB, 2022 WL 1504950, at *3 (D.N.J. May 12, 2022). Therefore, Indemnity should be permitted to perfect jurisdiction by moving to deposit the funds into the Court's Registry consistent with the following Order.

### 2. *Colorado River Water Conserv. Dist. v. United States*, 424 U.S. 800 (1976)

Turning to the substance of Defendants' motion, they argue that this Court should abstain from considering this case under the abstention principals set forth in *Colorado River*. Indemnity responds that Defendants have not met their burden of showing abstention under *Colorado River* is appropriate.

It is a general rule that in considering abstention in § 1335 cases, "the mere pendency of a similar action in state court does not require, or even permit, a federal court to refuse to hear or to stay an action that is properly within its jurisdiction, and that both state and federal actions should go forward until one of them results in a judgment that may be asserted as res judicata in the other." *NYLife*, 72 F.3d at 376. While district courts have a "virtually unflagging obligation" to exercise jurisdiction granted to them by Congress, several abstention doctrines have been created that allow courts to decline considering cases over which they have jurisdiction. *IFC Interconsult, AG v. Safeguard Int'l Partners, LLC.*, 438 F.3d 298, 305 (3d Cir. 2006) (quoting *Colorado River*, 424 U.S. at 817).

Under *Colorado River*, a court should abstain from considering a federal case in deference to a state court proceeding where there is a parallel ongoing state court proceeding. *See Colorado River*, 424 U.S. at 817. The court must undergo a two-

9

part inquiry to determine if abstention is appropriate: first, whether there is a parallel state proceeding that raises "substantially identical claims [and] nearly identical allegations and issues[,]" *Yang v. Tsui*, 416 F.3d 199, 204 n.5 (3d Cir. 2005) and second, if the proceedings are sufficiently parallel, courts determine whether "extraordinary circumstances" merit abstaining. *Spring City Corp. v. Am. Bldgs. Co.*, 193 F.3d 165, 171 (3d Cir. 1999). Courts have considered six factors to determine whether "extraordinary circumstances" exist: "(1) [in an in rem case,] which court first assumed jurisdiction over [the] property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which jurisdiction was obtained; (5) whether federal or state law controls; and (6) whether the state court will adequately protect the interests of the parties." *Spring City Corp.*, 193 F.3d at 171.

While the parties focus their briefing on whether *Colorado River* abstention applies to this § 1335 action, the Court of Appeals for the Third Circuit declined to apply the narrow "exceptional circumstances" test for abstention promulgated in *Colorado River* to § 1335 cases. *NYLife*, 72 F.3d at 382. In so doing, it held that the "discretionary standard enunciated in *Brillhart [v. Excess Ins. Co.*, 316 U.S. 491, 495 (1942)] governs a district court's decision to dismiss an action commenced under the interpleader statute during the pendency of parallel state court proceedings." *Id.*

Pursuant to *NYLife* and *Brillhart*, in determining whether abstention is proper in a § 1335 case, the court must consider the following factors: "the

10

avoidance of needless duplicative litigation," the "purpose of the interpleader statute" in "determining where the competing claims that expose the stakeholder to multiple lawsuits and liability 'can be better settled,' " what forum safeguards "the stakeholder more effectively while providing the claimants with the more efficient, convenient, and expeditious vehicle to settle their dispute to the fund," and assuring "that procedural fencing, forum shopping or gamesmanship is not rewarded." *NYLife*, 72 F.3d at 382–83 (citing *Brillhart*, 316 U.S. at 495).

Following the Court of Appeals decision in *NYLife*, several district courts in this circuit have declined to apply *Colorado River* abstention in § 1335 cases and instead have applied the discretionary standard enunciated in *Brillhart* and applied in *NYLife*. *See New York Life Ins. Co.*, 2022 WL 1504950, at *6 (applying the *Brillhart* abstention standard in a § 1335 case); *Metro. Life Ins. Co. v. Lawless*, No. CV1913688MASZNQ, 2019 WL 6050755, at *1 (D.N.J. Nov. 15, 2019) (same); *Jackson Nat'l Life Ins. Co. v. Lunt*, No. CV 15-1629, 2016 WL 704714, at *6 (W.D. Pa. Feb. 23, 2016) (same); *Stone St. Asset Tr. v. Blue*, 821 F. Supp. 2d 672, 678–79 (D. Del. 2011) (stating *Brillhart* applies in declaratory judgment actions in insurance and interpleader cases); *Ins. Co. of State of Pennsylvania v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, No. 02: 09-CV-0401, 2009 WL 995602, at *7 (W.D. Pa. Apr. 14, 2009) (applying the *Brillhart* abstention standard to a § 1335 case); *Aetna, Inc. v. Jones*, No. CIV.A. 06-CV-2245, 2007 WL 266423, at *8 (E.D. Pa. Jan. 24, 2007) (same).

At this juncture, given that the parties have not briefed *Brillhart's* "discretionary standard" for abstention, it would be premature for the Court to determine as a matter of law whether abstention is appropriate in this case. Therefore, the Court will allow the parties to submit supplemental briefing as to whether the Court should apply the abstention principals set forth in *Colorado River* or *Brillhart*, and additionally, the parties should make any arguments with respect to abstention under *Brillhart*. This motion will be held in administrative abeyance on this issue until such time that the supplemental briefing is ripe.

### 3. *Younger v. Harris*, 401 U.S. 37 (1971)

Defendants next argue that the Court should abstain from considering this case under *Younger* abstention. Under *Younger*, a federal court cannot enjoin ongoing state court criminal proceedings absent extraordinary circumstances. *Id.* The Supreme Court has broadened *Younger* abstention to apply to "two other types of state-level proceedings: quasi-criminal civil enforcement actions and civil lawsuits with orders that are uniquely in furtherance of a state court's ability to perform its judicial functions." *Borowski v. Kean U.*, 68 F.4th 844, 849 (3d Cir. 2023). There are no state court criminal, quasi-criminal or civil lawsuits with orders uniquely in furtherance of a state court's ability to perform its judicial functions at issue in this matter, as the state court action involves personal injury and property damages claims and therefore *Younger* abstention is inappropriate here. *NYLife Distributors, Inc.*, 72 F.3d at 376, n. 8 (declining to apply *Younger* abstention to an interpleader action).

12

### D. Conclusion

For the foregoing reasons, the Court denies in part and holds in abeyance in part Defendants' motion to dismiss as follows: the motion to dismiss is denied on the basis of *Younger* abstention and held in abeyance pending supplemental briefing to consider whether the abstention principals derived from *Colorado River* or *Brillhart* applies.

Notwithstanding the foregoing, Indemnity shall perfect jurisdiction by moving to deposit the funds consistent with the following Order.

DATED this 8th day of August, 2024.

BY THE COURT:

s/CHRISTOPHER B. BROWN
CHRISTOPHER B. BROWN
UNITED STATES MAGISTRATE JUDGE

cc:   all counsel of record via CM/ECF