IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH DIVISION

| | |
|---|---|
| INDEMNITY INSURANCE COMPANY OF NORTH AMERICA,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>NATHAN TINSTMAN, AS ADMINISTRATOR OF THE ESTATE OF MARC RICHARD TINSTMAN; NATHAN TINSTMAN, AS ADMINISTRATOR OF THE ESTATE OF TERRI GAIL TINSTMAN; JOSEPH ESTEP, JEREMIAH L. KEMP, WESTFIELD INSURANCE, AS SUBROGEE OF JEREMIAH L. KEMP; ENVIROSERVE, INC., GOVERNMENT EMPLOYEES INSURANCE COMPANY, AS SUBROGEE OF MARC RICHARD TINSTMAN AND TERRI GAIL TINSTMAN;<br><br>　　　　Defendants. | Civil Action No.:<br>2:23-CV-01557-CBB<br><br>Christopher B. Brown<br>United States Magistrate Judge |

**MEMORANDUM OPINION**
**ON MOTION TO DISMISS ECF NO. 39**

**Christopher B. Brown, United States Magistrate Judge**

　　**I.　　Introduction**

　　This interpleader action was initiated in this Court on August 29, 2023 by

Plaintiff Indemnity Insurance Company of North America ("Indemnity") against

1

Defendants[1] stemming from a motor vehicle accident that took place on May 3, 2022 in Wheeling, West Virginia. Indemnity seeks permission to deposit its commercial liability insurance policy proceeds into the Court Registry, seeks to enjoin and restrain the Defendants from instituting or prosecuting any claims related to the accident including pending litigation in West Virginia and asks the Court to appoint a special master to resolve the claims related to the accident under the Federal Interpleader Act, 28 U.S.C. § 1335 ("§ 1335").

Presently before the Court is a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) by Defendants Estep and Kemp. ECF No. 39. Defendants Tinstman, Westfield Insurance, and Enviroserve, Inc. join in the motion. ECF Nos. 42, 43, 47. The motion was partially held in abeyance for the parties to brief the issue of whether this Court should abstain under the principles set forth in *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 495 (1942). The motion is now fully briefed and ripe for disposition.[2] ECF Nos. 63, 64, 65, 66.

For the reasons that follow, the motion to dismiss is granted.

---

[1] Defendants are Nathan Tinstman, as the Administrator of the Estates of Marc Richard Tinstman and Terri Gail Tinstman, Joseph Estep, Jeremiah L. Kemp, Westfield Insurance as subrogee of Jeremiah L. Kemp, Enviroserve, Inc., and Government Employees Insurance Company ("GEICO") as subrogee of Marc Richard Tinstman and Terri Gail Tinstman. Defendants are also referred to as "Claimants."

[2] The parties have consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case, including the entry of final judgment, as authorized by 28 U.S.C. § 636. ECF Nos. 52, 53, 54, 55, 56, 57.

## II.   Background

This action stems from a four-vehicle accident that took place on May 3, 2022 in Wheeling, West Virginia. ECF No. 1 at ¶ 11. Yadav Brishesh Kumar ("Kumar") was a commercial driver for Shera Express, Inc. and was operating a tractor trailer traveling westbound on Interstate 70 in Ohio County, West Virginia in the late morning of May 3, 2022. *Id.* at ¶ 12. At the same time, the Tinstmans and Estep were traveling along the same route, ahead of Kumar. ECF No. 40-2 at ¶¶ 49-54.[3] The Tinstmans approached a construction zone wherein the left lane was closed, and traffic had slowed or stopped. *Id.* at ¶ 54. Estep, who was traveling behind the Tinstmans, also slowed or stopped. *Id.* at ¶ 55. Kumar came upon Estep's vehicle and failed to stop before striking Estep's vehicle, which in turn collided with the Tinstmans' vehicle. *Id.* at ¶¶ 56-57. The collision resulted in the Tinstmans' deaths, bodily injuries to Estep and property damage to Kemp.

Nathan Tinstman, as administrator of the Tinstmans' estates, filed a lawsuit in the Circuit Court of Ohio County, West Virginia on or about March 8, 2023 (the "West Virginia action") alleging several claims against Indemnity's insureds, Shera Express, Inc. and Kumar, Estep, Kemp, and several other defendants he claims were negligent. Nathan Tinstman asserts several negligence claims and wrongful death and survival action claims against these defendants. *Id.* at ¶¶ 68-131. Estep and Kemp filed crossclaims in the West Virginia action including claims of bodily injury and property damage. ECF No. 40 at 4. The matter is currently pending

---

[3]   *Tinstman v. Shera Express, Inc.*, Civ. No. 2023-C-32 (W.V. Cir. 2023) (Judge Ronald E. Wilson) ("West Virginia action").

before the Honorable Ronald E. Wilson in Ohio County, West Virginia, the parties are engaged in discovery and several motions have been filed. ECF No. 63-2.

Indemnity issued a commercial automobile liability insurance policy ("Policy") to Shera Express, Inc. in which Indemnity agreed to pay damages for bodily injury or property damage caused by Shera Express, Inc. in the ownership or maintenance of a covered vehicle, including the one driven by Kumar. ECF No. 1 at ¶¶ 28, 32. The Policy has a liability limit of $1 million per accident or occurrence. *Id.* at ¶ 30.

Indemnity filed this interpleader action under § 1335(a) on August 29, 2023 indicating it does not contest the issue of liability on its own behalf and seeks to deposit the $1 million policy limit into the Court Registry so that Claimants/Defendants may assert and prove their claims thereto. In so doing, Indemnity seeks to restrain or enjoin the Defendants from prosecuting any action against Indemnity, including the West Virginia action, and any effort to collect any judgments rendered in any such suits and to appoint a special master to settle the claims asserted by the Claimants/Defendants against it.

Defendants now move to dismiss Indemnity's claims under Fed. R. Civ. P. 12(b)(1) and argue that the Court should abstain from hearing this case pursuant to the *Brillhart* abstention doctrine.

### III. Standard of Review

#### a. Fed. R. Civ. P. 12(b)(1)

A Fed. R. Civ. P. 12(b)(1) motion challenges the federal court's "very power to hear the case." *Mortensen v. First Fed. Sav. and Loan Ass'n,* 549 F.2d 884, 891 (3d

Cir. 1977). Under Fed. R. Civ. P. 12(b)(1), the plaintiff is the party invoking a federal court's jurisdiction and therefore bears the burden of showing their claims are properly before the court. *Id.* A Fed. R. Civ. P. 12(b)(1) challenge can be either a facial or a factual challenge. *Petruska v. Gannon U.*, 462 F.3d 294, 302, n.3 (3d Cir. 2006). In reviewing a Fed. R. Civ. P. 12(b)(1) motion, a court must determine whether it is asserting a facial attack or a factual attack. *Id.* A facial attack challenges jurisdiction based on the sufficiency of the plaintiff's pleading and when considering such a challenge, a court must accept the allegations contained in the plaintiff's complaint as true. *Id.* Where the motion presents a factual attack on the court's jurisdiction, the court is not limited to considering the allegations in the complaint and rather may review any evidence and resolve factual disputes to determine the existence of jurisdiction. *Mortensen*, 549 F.2d at 891. On a factual challenge, the plaintiff bears "the burden of proof that jurisdiction does in fact exist." *Id.*

### b. Interpleader Actions - 28 U.S.C. § 1335

Interpleader under § 1335 can be invoked where a party "is exposed to multiple claims relating to a single obligation, and wishes to obtain an adjudication of those claims in a single proceeding[.]" *Jackson Natl. Life Ins. Co. v. Lunt*, No. CV 15-1629, 2017 WL 1058909, at *3 (W.D. Pa. Mar. 21, 2017) (citing *NYLife Distributors, Inc. v. Adherence Group, Inc.*, 72 F.3d 371, 381-82 (3d Cir. 1995)). District courts, pursuant to the power granted to them by Congress, may grant injunctive relief, including exercising injunctive authority over state courts, in

furtherance of § 1335. *NYLife Distributors, Inc.*, 72 F.3d at 381-82. In an interpleader action, the plaintiff is a stakeholder that "fears the prospect of multiple liability" but admits liability to at least one, if not all, claimants. *Metro. Life Ins. Co. v. Price*, 501 F.3d 271, 275 (3d Cir. 2007). The interpleader device therefore allows a stakeholder to "file suit, deposit the property with the court, and withdraw from the proceedings." *Id.* "The result is that '[t]he competing claimants are left to litigate between themselves,' while the stakeholder is discharged from any further liability with respect to the subject of the dispute." *Prudential Ins. Co. of Am. v. Hovis*, 553 F.3d 258, 262 (3d Cir. 2009) (quoting *Metropolitan Life Ins. Co.*, 501 F.3d at 275).

Pursuant to § 1335, district courts have original subject matter jurisdiction over interpleader actions if there is minimal diversity between one or more adverse claimants and the amount in controversy exceeds $500. 28 U.S.C. § 1335(a); *State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 530–31 (1967). The funds at issue must be deposited into the court's registry. 28 U.S.C. § 1335(a)(2).

An interpleader action "typically involves two steps: during the first, the district court determines whether the requirements of the statute have been met and whether the stakeholder may be relieved from liability; during the second, it actually adjudicates the defendants' adverse claims to the interpleaded fund." *NYLife Distributors, Inc.*, 72 F.3d at 375 (citations omitted). Next, the district court must adjudicate "who is lawfully entitled to the stake." *Id.* (citations omitted).

6

## IV. Discussion

Defendants challenge this Court's jurisdiction to hear this § 1335 interpleader action and ask the Court to dismiss this case in favor of the ongoing state court proceedings. The parties' initial briefing focused on the exceptional circumstances test for abstention under *Colorado River Water Conservation Dist. v. U. S.*, 424 U.S. 800, 817 (1976), but the Court ordered supplemental briefing to determine whether the discretionary standard for abstention enunciated in *Brillhart*, 316 U.S. 491 governs the district court's decision to abstain from exercising jurisdiction over a § 1335 interpleader action during the pendency of parallel state court proceedings. ECF No. 61 at 2. The parties thereafter submitted supplemental briefing advancing the *Brillhart* standard and made arguments thereunder. ECF Nos. 63, 64, 65, 66. Thus, the Court will employ the broader discretionary standard under *Brillhart* to determine whether it should decline or defer jurisdiction over this § 1335 interpleader action.

A court has discretion to decline or defer jurisdiction over a § 1335 case under certain circumstances, including when there is an ongoing parallel state court action. *NYLife Distributors, Inc.*, 72 F.3d at 382. In making this determination, the court should first determine whether the state court action is indeed parallel and whether the state court action "encompasses the competing claims" that are raised in the federal action." *NYLife Distributors, Inc.*, 72 F.3d at 382 (noting that an absence of a parallel state proceeding would likely bar dismissal of the federal action).

If the actions are parallel, the court must consider several factors to determine whether to abstain from exercising jurisdiction over the federal action. The court should consider the following list of non-exhaustive factors:

> (1) "the avoidance of needless duplicative litigation," (2) "the purpose of the interpleader statute" in "determining where the competing claims that expose the stakeholder to multiple lawsuits and liability 'can better be settled,'" (3) the forum that protects "the stakeholder more effectively while providing the claimants with the more efficient, convenient, and expeditious vehicle to settle their dispute to the fund," and (4) ensuring "that procedural fencing, forum shopping or gamesmanship is not rewarded." *NYLife Distribs., Inc.*, 72 F.3d at 382-83 (citing *Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 495 (1942)). The Court may also "consider any other factors it finds relevant." *Id.* at 383.

*New York Life Ins. Co. v. Burns*, No. CV2119292MASTJB, 2022 WL 1504950, at *5 (D.N.J. May 12, 2022).

All the factors to decline exercising jurisdiction are met in this case.

As a threshold matter, the West Virginia action is parallel to this interpleader action and can adequately resolve the disputed issues. The West Virginia action involves the same individual injured parties as this case – Nathan Tinstman, Estep, and Kemp. There are three defendants in this interpleader action named by Indemnity that are not parties to the West Virginia action – Government Employees Insurance Company t/d/b/a GEICO, Westfield Insurance and Enviroserve, Inc. These parties joined in the motion to dismiss and seek dismissal of this interpleader action. ECF Nos. 42, 43, 47, 63, 64, 65. For abstention purposes, the parties in each action need not be identical and only "substantially the same" for the cases to be parallel. *Sto Corp. v. Lancaster Homes, Inc*, 11 Fed. Appx. 182, 187 (4th Cir. 2001) (unpublished).

Indemnity argues that because it and other defendants here, GEICO, Westfield Insurance, and Enviroserve, Inc., are not parties in the West Virginia action, that the West Virginia litigation cannot resolve all "claims possessed by non-parties to that litigation." ECF No. 66 at 2.  This argument is not persuasive. "Strict identity between parties and claims is not necessary for pending proceedings to be substantially similar, although that will be the most usual circumstance in which a court finds parallel proceedings to exist.  'Substantial similarity' only means that the parties involved are closely related and that the resolution of an issue in one will necessarily settle the matter in the other." *Kelly v. Maxum Specialty Ins. Group*, 868 F.3d 274, 284 n. 8 (3d Cir. 2017).  It is undisputed that Indemnity's insureds, Shera Express Inc., and Kumar are parties to the West Virginia action and resolving the extent of liability and allocation of damages against Shera Express Inc. and Kumar would necessarily resolve these issues against Indemnity.  Therefore, these entities are closely related and there is sufficient similarity between these parties in the West Virginia action.  As for the two insurance company defendants Indemnity named here who are not parties to the West Virginia action – GEICO and Westfield Insurance – these entities are also closely related to parties in the West Virginia action.  According to Indemnity, GEICO provided first party automobile coverage to the Tinstmans, ECF No. 1 at ¶ 15, and Westfield Insurance provided automobile coverage to Kemp, ECF No. 1 at ¶ 18.  Again, resolving the extent of liability and allocation of damages against the Tinstmans and Kemp necessarily resolve these issues against GEICO and Westfield

Insurance, making these individuals and entities substantially similar. As for Enviroserve, Inc, Indemnity does not explicitly argue why the West Virginia action cannot resolve its potential claims or how a potential claim exposes Indemnity to multiple liability.

The West Virginia action also encompasses the same competing claims as in this case. Fundamentally, both actions seek to determine the cause of the motor vehicle crash that resulted in damages to the Tinstmans, Estep, and Kemp and seek to address wrongful death claims, survival actions, personal injury, property damage and liability. The determination of Indemnity's obligations related to its Policy for the damages caused by its insureds Shera Express, Inc. and Kumar is subsumed within the comprehensive West Virginia action. *Nakash v. Marciano*, 882 F.2d 1411, 1417 (9th Cir. 1989) (courts should be "reluctant to find that the actions are not parallel when the federal action is but a 'spin-off' of more comprehensive state litigation."). *See accord. Sto Corp.*, 11 F. App'x at 187 (unpublished). Accordingly, these cases are sufficiently parallel for abstention purposes.

Turning to the non-exhaustive list of factors, each factor is met here. Abstaining from exercising jurisdiction in this case would avoid needless duplicative litigation. The West Virginia action has been ongoing for almost two years and the parties have amended their pleadings, added crossclaims, broadened the scope of litigation, are conducting extensive discovery, and are engaged in motions practice. ECF No. 64 at 3. Conversely, this case is still in its infancy; no answers have been filed nor have the parties conducted any discovery. Estep and Kemp have filed

10

pending crossclaims and there is other insurance coverage at issue in the West Virginia action which arguably would still go forward even if this Court were to retain jurisdiction to adjudicate the claim for Indemnity's insurance policy proceeds. If the Court were to retain jurisdiction and appoint a special master to determine damage allocation as Indemnity seeks, the Court would essentially restart the clock on litigation, would result in the parties engaging in duplicative litigation in this offshoot case and would force the parties to litigate – and the courts to address – overlapping issues in both cases related to the same underlying incident. To retain jurisdiction in this case would unnecessarily protract and increase the cost of litigation, may lead to conflicting rulings and waste limited judicial resources.

Likewise, the second and third factors are both met. The accident occurred in West Virginia, the claims involve resolution of West Virginia state law, and the state court action is pending in West Virginia state court. The Court questions whether Indemnity has any exposure to "multiple proceedings" which is what interpleader statute was enacted to prevent. *NYLife Distributors, Inc.*, 72 F.3d at 381 (the interpleader statute is "aimed at assisting a party who fears the vexation of defending multiple claims to a fund or property under his control by providing him the opportunity to satisfy his obligation in a **single** proceeding.") (emphasis added). From the parties' submissions, all interested parties are included in the West Virginia action and the injured parties have all filed complaints and crossclaims to determine liability and damages stemming from the accident in one lawsuit. Indeed, the West Virginia action includes eighteen defendants who are alleged to

11

have contributed to the accident. ECF No. 64 at 2. This is not a situation where there are multiple pending or potential state court actions arising from the motor vehicle accident that exposes Indemnity to multiple litigation fronts. Conversely, by retaining jurisdiction to this action, the Court would instead expose the Claimants to multiple lawsuits – litigating the claims against Indemnity in this Court and against all others in West Virginia state court – which would not provide the claimants with an efficient, convenient, or expeditious vehicle to settle their dispute to the insurance proceeds. Thus, these factors weigh in favor of abstention.

Lastly, the final factors to ensure that procedural fencing, forum shopping or gamesmanship is not rewarded, and any other relevant factors both weigh in favor of abstention. The West Virginia action was filed on March 8, 2023. Shera Express, Inc. accepted service on March 13, 2023, Kumar accepted service on April 20, 2023, they filed a joint answer to a crossclaim and responded to discovery requests on July 14, 2023, and responded to a second set of discovery requests on August 28, 2023. ECF No. 63-2 at pp. 1-2; 6; 7. This interpleader action was initiated on August 29, 2023. Thus, Indemnity's insureds, Shera Express, Inc., and Kumar actively litigated the West Virginia action prior to Indemnity filing the interpleader action here. Additionally, the accident at issue occurred in West Virginia and involves the resolution of negligence, wrongful death claims, survival actions, personal injury, property damage and liability under West Virginia law, which a West Virginia state court is better suited to resolve. It appears that only two parties involved in this case, Indemnity and Nathan Tinstman, are Pennsylvania
12

residents. It is clear that Nathan Tinstman's preference is to litigate in West Virginia state court because he filed his action there. While this forum may be convenient for Indemnity, there is a stronger nexus of the claims and applicable law underlying this case to the West Virginia state court.

Balancing these factors with the purpose of the interpleader statute, the Court finds that abstention is appropriate here. District courts have "substantial latitude in deciding whether to stay or to dismiss a declaratory judgment suit in light of pending state proceedings." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995). The outcome of the West Virginia action will likely be dispositive of the claims to Indemnity's insurance proceeds, and it is unlikely any novel circumstances would permit this Court to exercise jurisdiction over the claims in the West Virginia action or that any further federal proceedings would be necessary. *See Wilton*, 515 U.S. at 288 n. 2. This, coupled with the overlapping issues in this interpleader action and the West Virginia action, the real potential for conflicting results if this action was allowed to go forward and duplication of judicial and litigation efforts supports a finding of dismissal of this action rather than a stay. *See Hartford Life Ins. Co. v. Solomon*, 910 F. Supp. 2d 1075, 1085 (N.D. Ill. 2012) (dismissing rather than staying interpleader action under *Brillhart* where no foreseen circumstances would permit exercising jurisdiction over the claims).

## V.     Conclusion

Based on the foregoing, the Court exercises its discretion to decline jurisdiction over this interpleader action and exercises its discretion to dismiss this interpleader action in favor of further proceedings in state court.  Accordingly, Defendants' motion to dismiss is granted.  An appropriate Order follows.

DATED this 16th day of December, 2024.

BY THE COURT:

s/Christopher B. Brown
United States Magistrate Judge